**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 17-72** |
| | : | |
| **JUAN JARMON, et al.** | : | |

**O R D E R**

AND NOW, this ___ day of __________ , 2017, this Court finds as follows:

1. This case is so unusual and complex, due to the number of defendants, the nature of the prosecution, the large number of witnesses, and the volume of discovery materials, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

2. This Court has determined that this case is unusual and complex for the following reasons:

a. The indictment charges 13 defendants in 48 counts with conspiracy to distribute 280 grams or more of crack cocaine from in or about late 2012 through late 2014. Count One alleges that each defendant was a member of a large-scale drug trafficking group that operated 24 hours a day, 7 days a week in and around high-rise towers in a public housing facility in Philadelphia. The indictment also charges substantive drug trafficking counts, drug trafficking in a drug-free zone (public housing), unlawful use of a communication facility in furtherance of a drug felony, maintaining a drug house, and aiding and abetting.

b. As of the date of the filing of this motion, 11 of the 13 defendants have been arrested and have had their initial appearances before a magistrate judge. DAMON

EDWARDS, EDWARD STINSON, DONTA EDWARDS, RAHEEN BUTLER, MICHAEL FERRELL, DOTTIE GOOD, TAFT HARRIS, STEVEN THOMPSON, and STEPHEN DAWKINS had initial appearances on February 16, 2017. ANTHONY LEE STAGGERS had his initial appearance on February 27, 2017. GENE WILSON had his initial appearance on March 1, 2017. Six of the defendants have been detained pending trial, and one detention hearing was scheduled for today, March 3, 2017.

c. JUAN JARMON is in state custody on unrelated charges. In accordance with 18 U.S.C. § 3161(j)(1)(A), the government applied to the Court for a writ of habeas corpus ad prosequendum to produce him. JARMON is expected to be produced on March 9, 2017, for his initial appearance.

d. DEREK FERNANDES remains a fugitive. This Court has issued a warrant for the arrest of FERNANDES based on the indictment in this case, and law enforcement is actively searching for him.

e. The evidence and discovery in this case is voluminous, and includes approximately eight months of court-approved Title III wire intercepts of phone calls, audio and video recordings for over 100 controlled drug transactions, extensive video from pole cameras over months of time, and a large number of documents from both state and federal law enforcement agencies. The evidence will also include physical evidence obtained from search warrants executed over several years of time, including searches of residences, electronic devices, and warrants issued for location information and tracking.

f. The evidence and discovery will also include numerous statements from cooperating witnesses, eyewitnesses, and coconspirators, including reports of interviews and grand jury transcripts.

g. The defendants are likely to file pretrial motions. Given the complexity of this case, these motions may be extensive and likely will require protracted pretrial litigation.

h. In a related matter, *United States v. Stinson, et al.*, Criminal No. 17-71, an indictment was also filed on February 8, 2017, and unsealed in its entirety on February 24, 2017. That indictment charges 13 defendants in 87 counts with conspiracy to distribute 280 grams or more of crack cocaine from in or about 2010 through 2015. The indictment also charges substantive drug trafficking counts, drug trafficking in a drug-free zone (public housing), unlawful use of a communication facility in furtherance of a drug felony, maintaining a drug house, and aiding and abetting. Two defendants, EDWARD STINSON and STEPHEN DAWKINS, are charged in both Criminal Nos. 17-71 and 17-72. Both matters share the same prosecutors, investigative agencies and personnel, both matters contain allegations about drug trafficking activity in the same geographic area, and several of the same witnesses are prepared to testify at both trials.

i. Other related matters remain under seal at this time.

3. The ends of justice served by this continuance outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 1361(h)(7)(A).

4. The failure to grant a continuance will likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(i).

5. This continuance is not being granted because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain witnesses on the part of the government's attorneys. *See* 18 U.S.C. § 3161(h)(7)(C).

THEREFORE, it is hereby ORDERED:

1. Pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), and (B)(ii), that the captioned case is continued beyond the time established by the Speedy Trial Act and that the delay resulting from this continuance shall be excluded from speedy trial calculations because the ends of justice served by such continuance outweigh the best interests of the public and the defendants in a speedy trial, 18 U.S.C. § 3161(h)(7)(A). Furthermore, the pretrial motions filing deadline is continued, and the government, after conferring with defense counsel, will provide the Court with a proposed scheduling order setting forth proposed dates for trial, hearings, and motions deadlines.

BY THE COURT:

____________________________________

HONORABLE PAUL S. DIAMOND
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 17-72** |
| | : | |
| **JUAN JARMON, et al.** | : | |

**MOTION FOR SPEEDY TRIAL ACT**
**AND PRETRIAL MOTIONS CONTINUANCES**

The government requests, pursuant to Fed. R. Crim. P. 47 and Section 3161(h)(7)(A) of the Speedy Trial Act, a Speedy Trial Act continuance in the above-captioned matter, and for a continuance of the pretrial motions filing deadline. In support of this motion, the government states:

1. The indictment in this case was filed on February 8, 2017, and unsealed in its entirety on February 24, 2017.

2. The indictment charges 13 defendants in 48 counts with conspiracy to distribute 280 grams or more of crack cocaine from in or about late 2012 through late 2014. Count One alleges that each defendant was a member of a large-scale drug trafficking group that operated 24 hours a day, 7 days a week in and around high-rise towers in a public housing facility in Philadelphia. The indictment also charges substantive drug trafficking counts, drug trafficking in a drug-free zone (public housing), unlawful use of a communication facility in furtherance of a drug felony, maintaining a drug house, and aiding and abetting.

3. As of the date of the filing of this motion, 11 of the 13 defendants have been arrested and have had their initial appearances before a magistrate judge. DAMON EDWARDS, EDWARD STINSON, DONTA EDWARDS, RAHEEN BUTLER, MICHAEL

FERRELL, DOTTIE GOOD, TAFT HARRIS, STEVEN THOMPSON, and STEPHEN DAWKINS had initial appearances on February 16, 2017. ANTHONY LEE STAGGERS had his initial appearance on February 27, 2017. GENE WILSON had his initial appearance on March 1, 2017. Six of the defendants have been detained pending trial, and one detention hearing is scheduled for today, March 3, 2017.

4. JUAN JARMON is in state custody on unrelated charges. In accordance with 18 U.S.C. § 3161(j)(1)(A), the government applied to the Court for a writ of habeas corpus ad prosequendum to produce him. JARMON is expected to be produced on March 9, 2017, for his initial appearance.

5. DEREK FERNANDES remains a fugitive. This Court has issued a warrant for the arrest of FERNANDES based on the indictment in this case, and law enforcement is actively searching for him.

6. The evidence and discovery in this case is voluminous, and includes approximately eight months of court-approved Title III wire intercepts of phone calls, audio and video recordings for over 100 controlled drug transactions, extensive video from pole cameras over months of time, and a large number of documents from both state and federal law enforcement agencies. The evidence will also include physical evidence obtained from search warrants executed over several years of time, including searches of residences, electronic devices, and warrants issued for location information and tracking.

7. The evidence and discovery will also include numerous statements from cooperating witnesses, eyewitnesses, and coconspirators, including reports of interviews and grand jury transcripts.

8. The defendants are likely to file pretrial motions. Given the complexity of this case, these motions may be extensive and likely will require protracted pretrial litigation.

9. In a related matter, *United States v. Stinson*, *et al.*, Criminal No. 17-71, an indictment was also filed on February 8, 2017, and unsealed in its entirety on February 24, 2017. That indictment charges 13 defendants in 86 counts with conspiracy to distribute 280 grams or more of crack cocaine from in or about 2010 through 2015. The indictment also charges substantive drug trafficking counts, drug trafficking in a drug-free zone (public housing), unlawful use of a communication facility in furtherance of a drug felony, maintaining a drug house, and aiding and abetting. Two defendants, EDWARD STINSON and STEPHEN DAWKINS, are charged in both Criminal Nos. 17-71 and 17-72. Both matters share the same prosecutors, investigative agencies and personnel, both matters contain allegations about drug trafficking activity in the same geographic area, and several of the same witnesses are prepared to testify at both trials.

10. Other related matters remain under seal at this time.

11. The ends of justice served by this continuance outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 1361(h)(7)(A).

12. The failure to grant the requested continuance will likely result in a miscarriage of justice, and will deny defense counsel the reasonable time necessary to prepare effectively the defense, taking into account the exercise of due diligence. *See* 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv).

13. The delay resulting from the requested continuance should be excluded from Speedy Trial Act calculations because the ends of justice served by such a continuance

outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

14. The government, after conferring with defense counsel, will provide the Court with a proposed scheduling order setting forth proposed dates for trial and pretrial hearings and addressing the filing of pretrial motions and discovery deadlines. The government will request in the proposed orders that the trial dates and deadlines for Criminal Nos. 17-71 and 17-72 do not conflict, given the possible overlap of government personnel and witnesses.

WHEREFORE, for the foregoing reasons, the government requests that trial be continued beyond the time established by the Speedy Trial Act.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney

/s/ Jerome M. Maiatico
JEROME MAIATICO
KATAYOUN COPELAND
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/ Jerome M. Maiatico
JEROME MAIATICO
KATAYOUN COPELAND
Assistant United States Attorneys